

Michael J. Frevola
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

**08 CV 2182**

ATTORNEYS FOR PLAINTIFF
AK LINE SHIPPING & TRADING LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AK LINE SHIPPING & TRADING LTD.,

    Plaintiff,

-against-

KASPI LOJISTIK VE DIS TIC. LTD. STI. a/k/a
KASPI LOJISTIK VE DIS TICARET LIMITED SIRKETI
a/k/a CASPI CARGO LINES,

    Defendant.

08 Civ. ___ (___)

**VERIFIED**
**COMPLAINT**

---

    Plaintiff, AK Line Shipping & Trading Ltd. ("Plaintiff" or "AK Line Shipping"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Kaspi Lojistik Ve Dis Tic. Ltd. Sti. a/k/a Kaspi Lojistik Ve Dis Ticaret Limited Sirketi a/k/a Caspi Cargo Lines ("Defendant" or "Kaspi Lojistik"), alleges as follows:

    1.    This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material herein, plaintiff AK Line Shipping was and is a business entity organized and existing under the laws of Turkey and maintains a place of business at P.O. Box 556, Main Street, Charlestown, Nevis, West Indies.

3. Upon information and belief, at all times material herein, defendant Kaspi Lojistik was and still is a business entity organized under the laws of Turkey with an address of Bayar Cad. Sitma Pinar Sk. No. 17/3 Kozyatagi 34742 Istanbul, Turkey.

4. On or about January 24, 2008, AK Line Shipping and Kaspi Lojistik entered into a voyage charter party of the M/V YUNUS (the "Vessel") on the GENCON 94 form, as amended by the parties (the "Charter"), to ship a cargo of scrap from Djen Djen, Algeria to Marmara, Turkey, which Charter was memorialized by a fixture recap. A true and correct copy of the fixture recap is annexed hereto as Exhibit 1.

5. Under the terms of the Charter contained within the parties' fixture recap the laycan dates for the loading port were February 5, 2008 to February 10, 2008.

6. In planning the Vessel's itinerary prior to its arrival at the load port, AK Line Shipping inquired whether Kaspi Lojistik would be amenable to a delayed arrival of the Vessel.

7. Kaspi Lojistik refused this request and stated that it cancelled the Charter as of February 5, 2008. Kaspi Lojistik issued another statement regarding the cancellation on February 8, 2008. AK Line Shipping continued the Vessel proceeding to the loading port and the Vessel presented at the load port on February 10, 2008, within the agreed laycan specified by the Charter.

8. Despite the Vessel presenting at the agreed load port within the agreed laycan window provided in the Charter, Kaspi Lojistik refused to load the cargo in breach of the Charter.

9. By reason of the aforesaid breach, AK Line Shipping has suffered loss and damage.

10. The Charter is governed by English law, which routinely allows for costs, including a reasonable allowance for attorney's fees.

11. Upon information and belief it will take two years to arbitrate this dispute to conclusion, resulting in the following estimated interest and attorney's fees and costs:

| | |
|---|---|
| Interest: | $ 13,440.00 (112,000.00 x 0.06/year x 2 years) |
| Attorneys' Fees/Expenses: | $ 100,000.00 |
| Total Principal Claim: | $ 112,000.00 |
| Total Sought: | **$ 225,440.00** |

12. Upon information and belief, and after investigation, Kaspi Lojistik is not found within the Southern District of New York but does have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name Kaspi Lojistik Ve Dis Tic. Ltd. Sti. and/or Kaspi Lojistik Ve Dis Ticaret Limited Sirketi and/or Caspi Cargo Lines with, upon information and belief, the following financial institutions: Bank of America, N.A.; Bank of China; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; or any other financial institution within the Southern District of New York.

**WHEREFORE**, AK Line Shipping & Trading Ltd. demands judgment as follows:

3

1. That a summons with process of attachment and garnishment may issue against the defendant Kaspi Lojistik Ve Dis Tic. Ltd. Sti. a/k/a Kaspi Lojistik Ve Dis Ticaret Limited Sirketi a/k/a Caspi Cargo Lines, and if defendant cannot be found, then that its goods, chattels and credits within the district, and particularly all bank accounts and other property of Kaspi Lojistik Ve Dis Tic. Ltd. Sti. a/k/a Kaspi Lojistik Ve Dis Ticaret Limited Sirketi a/k/a Caspi Cargo Lines with the financial institutions noted above in paragraph 12, may be attached in an amount sufficient to answer plaintiff's claim;

2. That defendant Kaspi Lojistik Ve Dis Tic. Ltd. Sti. a/k/a Kaspi Lojistik Ve Dis Ticaret Limited Sirketi a/k/a Caspi Cargo Lines and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

3. That judgment be entered in favor of AK Line Shipping & Trading Ltd. and against Kaspi Lojistik Ve Dis Tic. Ltd. Sti. a/k/a Kaspi Lojistik Ve Dis Ticaret Limited Sirketi a/k/a Caspi Cargo Lines in the amount of US$225,440.00 (including estimated interest, expenses and attorneys' fees); and,

4. That this Court grant AK Line Shipping & Trading Ltd. such other and further relief which it may deem just and proper.

Dated: New York, New York
       March 4, 2008

HOLLAND & KNIGHT LLP

By: /s/ Michael J. Frevola
Michael J. Frevola
195 Broadway
New York, NY 10007-3189
Tel:  (212) 513-3200
Fax:  (212) 385-9010

*Attorneys for Plaintiff*
*AK Line Shipping & Trading Ltd.*

# VERIFICATION

STATE OF NEW YORK        )
                         :ss.:
COUNTY OF NEW YORK       )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for AK Line Shipping & Trading Ltd., plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by AK Line Shipping & Trading Ltd. and corresponded with AK Line Shipping & Trading Ltd. representatives regarding this matter. I am authorized by AK Line Shipping & Trading Ltd. to make this verification, and the reason for my making it as opposed to an officer or director of AK Line Shipping & Trading Ltd. is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola

Sworn to before me this
4th day of March, 2008

_____
Notary Public

WALLIS BETH KARPF
Notary Public, State Of New York
No. 01KA6047092
Qualified In New York County
Commission Expires August 28, 20_10_

# EXHIBIT 1

UNSAL/AYCA

GD DAY,

RECAP AS FOLLOWS

MV 'YUNUS'
ST.VINCENT FLG, BLT 1991 MULTIPURPOSE DRY CGO VSL,
BURREAU VERITAS, SECURING ARRANGEMENT ICE
D,+LMC,UMS, FITTD FOR CNTRS 2 ELECTRIC-HYDRAULIC SLIMLINE CRANES, PORTSIDE MOUNTED.
LIFTING CAPACITES: 25 MT AT 20 M REACH - 35 MT AT 14 M REACH - 50 MT AT
9 M REACH.
THE TWO CRANES ARE COMBINABLE TO LIFT 100 MT.
DOUBLESKIN & BOXSHAPE, EL.VENT 30 AIR CHANGE.
CLASS: BURREAU VERITAS, SECURING ARRANGEMENT
ICE D,+ LMC,UMS, FITTED FORCONTAINERS PANDI CLUB :BMM LONDON 3200 DWT, 2900 DWCC ,GRT 2874, NRT 1057
L/B/D  91/14.7/5.0   GR/BL:4755 CUBM LBP  84,00M
AIRDRAFT MAX. IN BALLAST  21,00M
DRAUGHT AT SUMMER DWAT  5.00M

FOR ;

-ACCNT : KASPI LOJISTIK VE DIS TIC.LTD STI.ISTANBUL

- 1 ST TRY ONE VOYAGE CONSECS ALWAYS OWNERS OPTION.

-CGO : UPTO FCC SCRAP STW ABT 70-75 NON OILY,NON DANGEROUS

-AS PER PART CARGO-VSL WILL TAKE EMPTY CONTAINERS ON DECK FROM ALGIERS TO AMBARLI

-CARGO TO BE NON-OILY,NO TURNINGS,NO HEAVY PIECES,NO MOTORBLOCKS,
 NO RADIACTIVE PIECES,HARMLESS,NON DANGEROUS,NON IMO

-L/P :  D-JEN D-JEN 1 SB AA

-D/P :  MARMARA 1 SB  AA-INTENTION KARABIGA OR MARDAS

- 'OWNERS TO SATISFY THEMSELVES ABT ALL RESTRICTIONS AT BENDS.SUB TO BE LIFTED W/I 12 HRS AFMT'.

-OWNRS GUARANTEE SAFE ARRIVAL DRAFT AT LOADPORT-DISPORT, FAILING WHC, ANY LIGHTERAGE OR CONSEQUENTIAL EXPENSES TO BE AT OWNERS ACCNT.

-LAY/CAN  : 05-10 FEBRUARY 2008

- L/D TTL 7 DAYS

AT L/P  WDAYS OF 24 CONS HRS FHEX EIU THURSDAY 17/SUNDAY 08
AT D/P  WDAYS  OF 24 CONS HRS SSHINC

-FREIGHT   USD 112.000 LSUM FIOST

- FRT TO BE PAID 100 PCT LESS COMMISSIONS W/I 4 BDAYS AFTER SIGNING/RELEASING "CLEAN ON BOARD" AND "FRT PAYABLE AS PER C/P" OR "FRT PREPAID" BS/L.

-IN THE EVENT THAT CHRTRS REQUIRE "FREIGHT PREPAID" BILLS OF LADING, SAME WILL ONLY BE RELEASED UPON RECEIPT OF FREIGHT BY OWNERS OR PRESENTETION TO OWNERS THE PROOF OF IRREVOCABLE FREIGHT PAYMENT. O/W OWNERS HAS OPTION NOT TO DISCHARGE CARGO UNTIL FRT TO BE PAID AND TIME TO COUNT AP C/P EXISITING.

-IN CASE B/LS NOT ARRIVE AT DISCH PORT IN TIME, CHRTRS HAVE THE RIGHT TO DISCHARGE / RELEASE CARGO W/O PRESENTETION OF ORGINAL B/LS AGAINST LETTER OF INDEMNITY ISSUED IN ACCORDANCE WITH STANDARD PANDI CLUB WORDING SIGNED BY CHRTRS ONLY.

-CHARTERERS/RECEIVERS HAVE TO PRIVILAGE OF SHIFTING TO OTHER BERTHS BENDS, SAME TO BE FOR THEIR ACCOUNT. HOWEVER IF SHIFTING IS ORDERED BY PORT AUTHORITIES BY MEANS OF CREW /OWNERSHIP THEN SAME TO BE FOR OWNERS ACCT AND TIME NOT TO COUNT.

- ANY CHANGE IN ETA GREATER THAN 12 HRS TO BE NOTIFIED IMMY BY THE OWS TO CHRTS AND AGENTS WITH FULL EXPLANATION OF CIRCUMSTANCES THATCAUSED DELAY.

- IF ANY STEVEDORING DAMAGES IN L/D PORTS TO BE SETTLED DIRECTLY BY OWS/MASTER/STEVEDORES/PORT AUTHORITIES.

-MASTER/OWS TO SIGN MATE RECEIPTS ON DAILY BASIS FOR THE CARGO LOADED ON BOARD

-CHRTRS,SHIPPER HAVE FULL RIGHT TO PRESS THE CARGO WITH OPERATING BULLDOZER. IF ANY DAMAGE DUE TO THIS OPERATION ALL EXPENSES TO BE COVERED BY CHRTS.

-DEMM  USD 4000-PDPR/FD AT BENDS

-ONCE ON DEMM,ALWAYS ON DEMM

-DEMURRAGE TO BE SETTLED W/I 10 DAYS UPON RIGHT AND TRUE DELIVERY OF CARGO AFTER RECEIPT OF SOF/NOR DULY SIGNED BY MASTER/AGENT AND AGREEMENT BY CHARTERERS OF OWNERS' LAYTIME CALCULATIONS.

-TIME COMMENCEMENT AS PER GENCON 08.00 HRS/14.00 HRS CLAUSE TP APPLY.

-TIME USED B4 COMMENCEMENT OF LAYTIME NOT TO COUNT EIU BENDS.

- TIME FOR SHIFTING FROM ROADS TO LOAD/DISCH BERTH NOT T COUNT.

- TIME FOR DRAFT SURVEY NOT TO COUNT. IF THE TIME EXCEEDS FOUR HRS FR DRFT SURVEY THEN TIME TO COUNT AS PER C/P.

- HOLIDAYS AS PER BIMCO CALENDER.

-NOR TO BE TENDERED TO THE AGENT UPON ARRIVAL AT FIRST SEA PILOT STATION BASIS W/W/W/W VIA RADIO/TLX/CABLE WITHIN OFFICE HOURS ONLY AT ALL ENDS.

-REVERSIBLE LAYTIME

-CHTRS AGENT AT BENDS SUB P/D/A

-L/P AGENT:CHRTRS OPTION BOTH ENDS

-D/P AGENT:CHRTRS OPTION BOTH ENDS

- ETA NOTICES;
LOAD PORT : ON FIXING + 3/2 DAYS PRELIMINARY 7/5/3/2/1 + 24 HRS DEF TO CHTRS VIA BROKERS CHANNEL

DISCH PORT : ON SAILING FROM L/P + 24 HRS DEF ETA NOTICE TO CHTRS VIA BROKERS/ AGENT DISC PORT

-ANY TAXES/DUES ON CARGO TO BE FOR CHTRS ACCOUNT.

-ANY TAXES DUES ON VSL /CREW/ FLAG /FRT TO BE FOR OWNS ACCOUNT

-SHORE-SIDE TALLY AT TO BE FOR CHRTS&SHIPPERS ACCNT ; SHIP-SIDE TALLY TO BE FOR THE OWS ACCNT.

-EXTRA INSURANCE , IF ANY, DUE TO OVERAGE ON CHRS ACCT.

TOTAL P.06

- ARBIRTRATION IN LONDON, BRITISH LAW TO APPLY.

- OWISE AS PER GENCON'94 AMENDED AS PER FIXTURE RECAP ONLY WITH % 1.25 TTL

-SUB STEM S/R/C APPROVAL TO BE LIFTED 24 HRS UPON FIXING MAIN TERMS

**ENDS**